IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHERRY THOMAS AND TINA PHILLIPS,** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> **PIPELINE HEALTH SYSTEM, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY AND PIPELINE-WEST SUBURBAN MEDICAL CENTER LLC D/B/A WEST SUBURBAN MEDICAL CENTER, AN ILLINOIS LIMITED LIABILITY COMPANY** <br><br> Defendants. | **No.** 22-cv- <br><br> **Hon. Judge** <br> **U.S. District Court Judge, Presiding** <br><br> Hon. Judge <br> Magistrate Judge <br><br> *JURY DEMAND* |

## COMPLAINT

NOW COME Plaintiffs, **CHERRY THOMAS AND TINA PHILLIPS,** ("Plaintiffs", "Named Plaintiffs", "Thomas" or "Phillips"), on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for their Complaint against Defendants, **PIPELINE HEALTH SYSTEM, LLC AND PIPELINE-WEST SUBURBAN MEDICAL CENTER LLC D/B/A WEST SUBURBAN MEDICAL CENTER** (the "Defendants"), states as follows:

**I.  NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

## II. JURISDICTION AND VENUE

2.   Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3.   Defendant, **PIPELINE HEALTH SYSTEM, LLC** (hereinafter referred to individually as ("PHS") is a California limited liability company that owns and operates several private hospitals.

4.   PHS owns and operates seven hospitals across three states, including Illinois. PHS provides a full-range of medical services at each of their hospitals, including emergency services, surgeries, out-patient procedures and services, imaging and diagnostic testing, and other general medical services.[1] PHS's headquarters is located at 898 N Pacific Coast Hwy in El Segundo, California.

5.   PHS is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

6.   During all relevant times, Defendant PHS was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

---

[1] See https://www.pipelinehealth.us/.

7. Defendant, **PIPELINE-WEST SUBURBAN MEDICAL CENTER LLC D/B/A WEST SUBURBAN MEDICAL CENTER** (hereinafter referred to individually as "WSMC") is an Illinois limited liability company that owns and operates PHS's Illinois hospital, West Suburban Medical Center, located at 3 Erie Court, Oak Park, Illinois.

8. WSMC is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

9. During all relevant times, Defendant WSMC was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

10. Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Defendants and their management employees, who in turn responded to those communications with the authority described herein.

11. Plaintiff, **CHERRY THOMAS,** is a former employee of Defendants at their Oak Park, Illinois hospital.

12. Thomas worked for Defendants as a Patient Access Representative. Thomas performed secretarial duties including greeting emergency room patients, collecting and entering demographic information and other similar data entry work, create online accounts for newborns and new patients, process newly admitted patients into Defendants' database based on doctor instructions, collect and process copayments, and other clerical duties as assigned.

13. Thomas was consistently required to work through thirty (30) minute meal breaks, which were automatically deducted from her pay by Defendants.

14. Due to the demands of Thomas' job and the volume of business and medical services provided by Defendants, Thomas was either unable to take a 30-minute meal break at all or was interrupted during her break and required to return to work by Defendants' management employees, such that Thomas should have been paid for that time.

15. Plaintiff, **TINA PHILLIPS** is a former employee of Defendants at their Oak Park, Illinois hospital.

16. Plaintiff Phillips worked for Defendants as a Registrar in WSMC's emergency room. Plaintiff performed secretarial duties including greeting emergency room patients, collecting and entering demographic information and other similar data entry work, create online accounts for newborns and new patients, process newly admitted patients into Defendants' database based on doctor instructions, collect and process copayments, and other clerical duties as assigned. Plaintiff Phillips' job duties as a Registrar were nearly, if not completely, identical to the job duties Plaintiff Thomas performed as a Patient Access Representative.

17. Phillips was consistently required to work through thirty (30) minute meal breaks, which were automatically deducted from her pay by Defendants.

18. Due to the demands of Phillips' job and the volume of business and medical services provided by Defendants, Phillips was either unable to take a 30-minute meal break at all or was interrupted during her break and required to return to work by Defendants' management employees, such that Plaintiff should have been paid for that time.

19. This work performed by Plaintiffs amounted to unpaid "work off the clock", which if properly accounted for by Defendants would have amounted to work hours in excess of 40 hours in an individual work week due at Plaintiffs' overtime rates of pay.

20. Plaintiffs worked at or more than 40 hours most work weeks such that the time Defendants forced her to work off the clock are owed at their overtime rates of pay of one and one-half their regular rates of pay.

21. Additionally, Defendants failed to incorporate shift differentials (increased hourly rates) into the calculation of Plaintiffs' regular and overtime rates of pay, resulting in further non-payment of overtime pay. C.F.R. §778.117, 208.

22. Defendants compensated Plaintiffs, and members of the Plaintiff Class, on an hourly basis but failed to pay one-and one-half times the employees' regular hourly rates of pay for all hours worked.

23. Defendants' violations as alleged herein were in violation of the federal and state laws relied upon herein.

24. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also required to work off the clock during unpaid meal breaks without proper compensation and were improperly did not have their shift differentials included in the calculation of their regular rate and corresponding overtime rate of pay, each resulting in non-payment of overtime.

25. As employees performing duties for an enterprise engaged in commerce, the Named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV. **STATUTORY VIOLATIONS**

**Collective Action Under the Fair Labor Standards Act**

26. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

27. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Illinois Wage Payment and Collection Act**

28. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by Plaintiffs to recover compensation and wages that were earned but not paid by Defendants, by which Plaintiffs and Defendants had agreed would be paid, on or before ten (10) years prior to the date of filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiffs herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

29. Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

30. Plaintiff Thomas began working for Defendants as Patient Access Representative ("PAR") in approximately June 2011. Thomas separated from Defendants on approximately June 2021.

31. Plaintiff Phillips began working for Defendants a Registrar in approximately 2011. Thomas separated from Defendants on approximately December 2021.

32. At the start of Plaintiffs' employments, Plaintiffs and Defendants agreed that Plaintiffs would be paid their hourly rate (or a pro-rata amount for partial hours worked) for all hours worked for Defendants.

33. Plaintiffs performed exclusively secretarial and clerical duties for Defendants. Plaintiffs performed a variety of clerical and secretarial duties at the front desk of Defendant's hospital facility, including:

    a. answering phones and responding to general in-person and remote inquiries;

    b. greeting emergency room patients;

    c. collecting and entering demographic information and other similar data entry work;

    d. creating online accounts for newborns and new patients;

    e. processing newly admitted patients into Defendants' database based on doctor instructions

    f. performing clerical duties necessary for releasing deceased persons to funeral homes;

    g. collecting and processing copayments; and

    h. other clerical and secretarial duties as assigned.

34. All of Plaintiffs' job duties, work assignments and day-to-day activities were directed by WSMC management employees. WSMC managed day-to-day activities for Plaintiffs and all other hourly workers.

35. Plaintiffs were both paid hourly throughout their employments with Defendants.

36. Thomas was paid approximately $16.82 per hour.

37. Phillips was paid approximately $18.13 per hour.

38. Plaintiffs were paid every two weeks by payroll check.

39. Plaintiffs normally worked at least 42 hours consisting of three 12-hour shifts and one 6-hour shift.

40. However, Plaintiffs frequently picked up extra shifts to cover for other employees such that they regularly worked 40 or more hours in individual work weeks.

41. During the course of Plaintiffs' employments, Plaintiffs clocked in and out of their shifts in accordance with WSMC's time-keeping policies.

42. During the course of Plaintiffs' employments, WSMC's payroll system automatically deducted at least thirty (30) minutes per shift to account for a meal break. This deduction was effectuated without regard for whether the meal break was actually taken by Plaintiffs.

43. However, due to the nature of Defendants' business, including the constant flow of patients in and out of the facility at all times of the day and night, Plaintiffs were rarely, if ever, able to take a meal break.

44. Plaintiffs either were unable to attempt a meal break at all because they were busy with patients and never left their stations or, in the event they attempted to take a meal break, Plaintiffs were interrupted my Defendants' management staff and ordered to return to work.

45. Even though Plaintiffs were required to work through meal breaks, Defendants' payroll system automatically deducted at least 30 minutes per shift for a meal break. As such, Defendants regularly deducted working time from Plaintiffs' pay such that Plaintiffs were not compensated for all earned wages for work suffered on behalf Defendants for Defendants' benefit.

46. To the extent Plaintiffs worked at least 40 hours in a week (including time worked during the automatically deducted meal breaks), Plaintiffs are owed overtime premiums of one and one-half their regular hourly rates of pay for such hours.

47. Defendants' common policy of automatically deducting meal breaks from wages deprived Plaintiffs and putative class members earned wages and overtime wages.

48. Additionally, Defendants failed to include shift differentials (increased hourly rates) in the calculation of Plaintiffs' regular rates of pay and corresponding overtime rates.

49. Plaintiffs, at times, received shift differentials, and received increased hourly rates, for working certain non-standard shifts (i.e., weekend shifts). However, these shift differentials were not considered in the regular or overtime rate calculations performed by Defendants as required by law, including C.F.R. §778.117, 208.

50. Because the inclusion of shift differentials in the calculation of Plaintiffs' regular and corresponding overtime rates would have resulted in a higher rate, Defendants deprived Plaintiffs and putative class members of additional earned overtime wages.

51. On numerous occasions over the course of their employments with Defendants, Plaintiffs notified Defendants about not receiving wages for the automatically deducted meal breaks they were forced to work through. Defendants did not take any action to remedy the issue.

52. Upon information and belief, Plaintiffs understood that all of Defendants' hourly employees were paid in the same or similar fashion as described above and were also denied wages, including overtime premiums, for off the clock work, including meal breaks, and did not receive all regular and overtime wages due to them because of Defendants' failure to include sift differentials in the calculations of regular and overtime rates of pay.

53. Plaintiffs, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for all hours pursuant to the requirements of the federal and state law.

54. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

55. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-55. Paragraphs 1 through 55 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 55 of this Count I.

56. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

57. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the Named Plaintiffs herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-57. Paragraphs 1 through 57 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 57 of Count II.

58. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

59. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-59. Paragraphs 1 through 59 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 59 of Count III.

60. In denying Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

61. The Named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation

(b) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-61.   Paragraphs 1 through 61 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 61 of this Count IV.

62.   As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

63.   The Illinois Minimum Wage Law provides that an employer who fails to pay the required wages due to an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 19, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

64.   Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)   declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)   awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c)   allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

      (d)      directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

      (e)      for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

      1-64.      Paragraphs 1 through 64 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 64 of this Count IV.

      65.      Plaintiffs, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

      66.      Plaintiff, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

      67.      Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

      68.      During the employment of the Named Plaintiffs, and members of the Plaintiff Class, Defendants systemically and improperly deducted money from the pay of the Named Plaintiffs and members of the Plaintiff Class where the Parties had previously agreed any and all time worked by Plaintiffs would be paid.

      69.      Defendants common practice of automatically deducting meal breaks from the pay of employees was in violation of the IWPCA. Plaintiffs, and members of the Plaintiff class, as employees, were entitled to be paid their earned wages for work performed for the exclusive benefit of the employer.

      70.      Defendants failed to tender Plaintiffs, and members of the Plaintiff Class, their earned compensation in accordance with the Act.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) Judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c) directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 03/03/2022*

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn

Attorneys for Plaintiffs, and those similarly situated, known and unknown

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450